IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RANDALL ALAN BAILEY                                                                                     PLAINTIFF

v.                    Civil No. 6:23-cv-06064-SOH-CDC

DIRECTOR DEXTER PAYNE;
DEP. DIRECTOR ANDREA F. CULCLAGER;
SUPERINTENDENT BYERS;
DEPUTY WARDEN GRIFFIN;
WELLPATH HEALTH SERVICES;
and DR. DAVIS, DDS                                                                                     DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Randall Alan Bailey, a prisoner, filed the above-captioned civil rights matter pursuant to 42 U.S.C. § 1983. (ECF No. 1).  Plaintiff proceeds *pro se* and *in forma pauperis* (IFP). (ECF No. 5).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this matter to the undersigned for the purpose of making a Report and Recommendation on the Motion to Dismiss filed by Defendants Dexter Payne, Tasha Griffin, Jared Byers, and Aundrea Culclager ("ADC Defendants"). (ECF No. 11).  Having received Plaintiff's response, (ECF No. 18), this matter is now ripe for the Court's consideration.  For the reasons outlined below, this Court recommends that ADC Defendants' Motion to Dismiss be GRANTED, in part, and DENIED, in part.

### I.    BACKGROUND

Plaintiff contends that Defendant Dr. Davis, DDS, denied his request for dentures, citing policy, and that all other named defendants – namely, WellPath, LLC, and the ADC Defendants – "have continued to uphold said policy, establish and administer said policy." (ECF No. 1).

1

According to Plaintiff, established policy states that inmates found to be "edentulous," or without teeth, at the time of incarceration are not to be routinely given dentures. *Id.* Plaintiff claims the defendants are enforcing this policy even though he has painful sores in his mouth from eating without teeth and food frequently gets stuck in his esophagus because he does not have teeth to properly chew it. *Id.* Further, Plaintiff contends that he suffers from digestive issues, constipation, hemorrhoids, pain in his jaw joint, headaches from jaw malalignment, and clicking and popping in his temporal mandibular joint from not having teeth. Plaintiff requests compensatory and punitive damages, a proper set of dentures, the repeal of the policy that is the subject of this lawsuit, and an "injunction to keep ADC from attaching or garnishing [his] account for any amount beyond fees associated with this case or future medical co-pays." *Id.*

## II.     LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III.     DISCUSSION

Here, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006). Further, "[p]ublic servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997)). In this case, Plaintiff names the defendants in their official and individual capacity as to all his claims. The ADC Defendants assert that Plaintiff has failed to state a claim against them in their individual or official capacities as a matter of law. (ECF No. 11). The Court turns first to the individual capacity claims against the ADC Defendants.

#### A.     Individual Capacity Claims

"Suits against officials in their individual capacity seek to impose personal liability upon a government official for actions he takes under color of state law." *Handt v. Lynch*, 681 F.3d 939, 943 (8th Cir. 2012) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). To establish liability against officials in their individual capacity, "the plaintiff must show that the official, acting under color of state law caused the deprivation of a federal right." *Id.* at 943 (citing *Graham*, 473 U.S. at 166) (emphasis added); *see also Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Put another way, it is not enough for a plaintiff seeking relief from a defendant in the defendant's individual capacity to allege that his rights were violated; the plaintiff must instead allege that his rights were violated *by the defendant*.

3

Here, Plaintiff alleges that Defendant Dr. Davis, DDS, denied his request for dentures, pursuant to policy. (ECF No. 1). He asserts no facts suggesting that any of the ADC Defendants were *directly* involved in his dental care. Indeed, Plaintiff appears to concede that Separate Defendant Dr. Davis, DDS, is the only defendant with "hands on" involvement with his dental care. (Comp. at p. 5 (ECF No. 1)). Accordingly, Plaintiff has failed to state an individual capacity claim against the ADC Defendants. This Court therefore recommends that ADC Defendants' Motion to Dismiss with respect to the individual capacity claims be granted.

### B. Official Capacity Claims

This leaves Plaintiff's official capacity claims against the ADC Defendants. "A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)). Put differently, "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Baker*, 501 F.3d at 925 (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

Each ADC Defendant is alleged to be an agent of the State of Arkansas. However, "[n]either a state nor its officials acting in their official capacities are 'persons' under § 1983" when sued for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Indeed, the ADC Defendants allege that they are entitled to sovereign immunity. (Mtn. to Dismiss at ¶ 5 (ECF No. 11)). Sovereign immunity, however, does not completely bar the ADC Defendants from suit in this case.

To be sure, "a suit brought solely against a state or state agency is proscribed by the Eleventh Amendment." *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989). But state officials –

such as the ADC Defendants here – may be sued in their official capacities for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123, 157-60 (1908); *Fond du Lac Band of Chippewa Indians v. Carlson*, 68 F.3d 253, 255 (8th Cir. 1995) ("*Ex parte Young* recognized that suits may be brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of federal law."); *Nix*, 879 F.2d at 433 ("A state agent . . . may be sued in his official capacity if the plaintiff merely seeks injunctive or prospective relief for a legally cognizable claim."). Accordingly, although sovereign immunity bars Plaintiff's claims against the ADC Defendants for monetary damages, sovereign immunity does not bar Plaintiff's claims against these defendants to the extent Plaintiff is requesting an order requiring the ADC to supply him with dentures, repeal of the current policy preventing him from receiving dentures, and other injunctive relief.

The question, then, is whether Plaintiff has established a plausible claim against these defendants, and the Court believes that he has done so.

As a threshold matter, when considering a motion to dismiss, courts "must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). Further, this Court is mindful that "[a] document filed *pro se* is to be "liberally construed and that a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 95 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). With this framework in mind, the Court turns to Plaintiff's claims.

"To establish liability in an official-capacity suit under section 1983, a plaintiff must show

that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom, or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Nix*, 879 F.2d at 433 (internal citations omitted).

Here, Plaintiff alleges that the ADC Defendants "uphold . . . establish . . . and administer" a policy of denying dentures to inmates who are incarcerated without teeth. (ECF No. 1). Read in the light most favorable to Plaintiff, the ADC Defendants continue to "uphold . . . establish . . . and administer" this policy even though Plaintiff has been suffering from medical complications, including painful sores in his mouth, constipation, hemorrhoids, jaw pain, and headaches, from not having any teeth. *Id.* As the Court understands it, Plaintiff sets forth these allegations as the predicate for a medical indifference claim under the Eighth Amendment.

"To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Hartsfield v. Colburn*, 491 F.3d 394, 396-97 (8th Cir. 2007) (quoting *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999)). "Deliberate indifference is equivalent to the criminal law standard of recklessness—'a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004)).

For the limited purpose of addressing the ADC Defendants' Motion to Dismiss, the Court finds Plaintiff's allegations that he suffers from painful sores in his mouth, constipation, hemorrhoids, jaw pain, and headaches from not having teeth are sufficient to establish that he

6

suffers from a serious medical need. *See Hartsfield*, 491 F.3d at 397 (explaining that evidence "that [plaintiff] suffered extreme pain from loose and infected teeth, which caused blood to seep from his gums, swelling, and difficulty sleeping and eating" was sufficient to warrant reversal of prior grant of summary judgment). Construed in the light most favorable to Plaintiff, the Court finds the ADC Defendants were aware of that need but that the ADC policy – "upheld," "established," and "administer[ed]" by ADC Defendants – to deny dentures to inmates edentulous at the time of incarceration was the "driving force" behind him not receiving dentures, thereby causing him injury. *See Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006) ("To support a claim against [the medical provider] under section 1983, [plaintiff] must show that there was a policy, custom, or official action that inflicted an actionable injury."). Put differently, this Court finds Plaintiff has set forth sufficient facts to nudge across the line his medical indifference claim against the ADC Defendants in their official capacities from conceivable to plausible. Accordingly, the ADC Defendants' Motion to Dismiss with respect to this claim should be denied.

### C. Section 1915(g)

Finally, the ADC Defendants ask that the Court issue a "strike" against Plaintiff pursuant to 28 U.S.C. § 1915(g). The Court finds this request should be denied.

Although this Court recommends that Plaintiff's individual capacity claims against the ADC Defendants be dismissed for failure to state a claim, such dismissal would not constitute a strike within the meaning of 28 U.S.C. § 1915(g) because § 1915(g) applies to the dismissal of "an *action* or appeal . . . on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." (Emphasis added). Because the dismissal of Plaintiff's individual capacity claims against the ADC Defendants does not constitute a dismissal of the

*action*, issuing a strike pursuant to 28 U.S.C. § 1915(g) is not proper.

## IV. CONCLUSION

For the reasons stated, it is recommended that the Motion to Dismiss by Defendants Dexter Payne, Dep. Direct Andrea F. Culclager, Superintendent Byers, and Deputy Warden Griffin, (ECF No. 11) be **GRANTED IN PART and DENIED IN PART**, as follows:

(1) The ADC Defendants' Motion to Dismiss with respect to Plaintiff's claims against Defendants Dexter Payne, Dep. Direct Andrea F. Culclager, Superintendent Byers, and Deputy Warden Griffin in their individual capacities should be **GRANTED**;

(2) The Motion to Dismiss against the ADC Defendants in their official capacities for monetary damages should be **GRANTED**;

(3) The Motion to Dismiss should be **DENIED** in all other respects; and

(4) the ADC Defendants' request to impose a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g) should be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of September 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE