IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RANDALL ALAN BAILEY                                                                                          PLAINTIFF

v.                       Civil No. 6:23-cv-06064-SOH-CDC

DIRECTOR DEXTER PAYNE;
DEP. DIRECTOR ANDREA F. CULCLAGER;
SUPERINTENDENT BYERS;
DEPUTY WARDEN GRIFFIN;
WELLPATH HEALTH SERVICES: and DR. DAVIS, DDS                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Randall Alan Bailey, a prisoner, filed the above-captioned civil rights matter pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 5). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this matter to the undersigned for the purpose of making a Report and Recommendation on the Motion for Summary Judgment filed by Defendants Dexter Payne, Tasha Griffin, Jared Byers, and Aundrea Culclager (collectively "ADC Defendants"). (ECF No. 11). For the reasons outlined below, this Court recommends that ADC Defendants' Motion for Summary Judgment be **GRANTED.**

### I.        PROCEDURAL POSTURE

After granting Plaintiff's application to proceed IFP (ECF No. 5), this Court conducted a preservice review of the Complaint pursuant to 28 U.S.C. § 1915A(a).[1]  Upon review, this Court

---

[1] This Court does not endeavor to describe every docket entry, only those relevant to the Motion for Summary Judgment currently before the Court.

ordered that the Complaint be served on the ADC Defendants and Defendants Wellpath Health Services and Dr. Davis, DDS (collectively "Medical Defendants").  (ECF No. 7).  The Medical Defendants answered (ECF No. 13) while the ADC Defendants filed a Motion to Dismiss and memorandum in support.  (ECF Nos. 11-12).  Plaintiff responded.  (ECF No. 21).  Upon consideration of the Motion to Dismiss, this Court recommended that the claims against the ADC Defendants in their individual capacities and the claims for monetary relief against them in their official capacities be dismissed without prejudice and that all other of Plaintiff's claims proceed. (ECF No. 19).

During the objections period, Plaintiff filed a Motion to Amend the Complaint.  (ECF No. 20).  This Court granted that motion and directed Plaintiff to file his amended complaint by no later than November 13, 2023.  (ECF No. 23).  The Court's recommendation on ADC Defendants' Motion to Dismiss was subsequently adopted without objection.  (ECF No. 22). ADC Defendants then answered the Complaint.  (ECF No. 24).  Defendants were thereafter directed to either file a motion for summary judgment on the issue of exhaustion pursuant to 42 U.S.C. § 1997e(a) within 45 days or promptly advise the Court that they did not intend to pursue such a defense.  (ECF No. 25).

In response, Plaintiff filed a Motion for Summary Judgment on the merits (ECF No. 26), which was denied as premature.  (ECF No. 28).  Plaintiff also filed a Motion to Withdraw his Motion to Amend the Complaint (ECF No. 27) which was granted. (ECF No. 29).  Thus, Plaintiff's original Complaint (ECF No. 1) remains the operative pleading in this matter.

The Medical Defendants advised that they do not intend to pursue an exhaustion defense pursuant to 42 U.S.C. § 1997e(a).  (ECF No. 30).  The ADC Defendants filed the present Motion

2

for Summary Judgment on the Issue of Exhaustion (ECF Nos. 31-33) and Plaintiff responded. (ECF No. 35). The Motion is ripe for the Court's consideration.

## II. BACKGROUND

Plaintiff's Complaint asserts a single claim: that Defendant Dr. Davis, DDS, citing ADC policy, denied his request for dentures and that all other named defendants – WellPath, LLC, and the ADC Defendants – "have continued to uphold said policy, establish and administer said policy." (ECF No. 1). The policy in question, according to Plaintiff, provides that inmates who are "edentulous," or without teeth, at the time of incarceration are not to be routinely provided dentures. *Id.* Plaintiff says that the ADC and Medical Defendants are enforcing this policy even though he has painful sores in his mouth from eating without teeth and food frequently gets stuck in his esophagus because he does not have teeth to properly chew it. *Id.* Further, Plaintiff contends that he suffers from digestive issues, constipation, hemorrhoids, pain in his jaw joint, headaches from jaw malalignment, and clicking and popping in his temporal mandibular joint from not having teeth. *Id.* Plaintiff requests compensatory and punitive damages, a proper set of dentures, the repeal of the policy that is the subject of this lawsuit, and an "injunction to keep ADC from attaching or garnishing [his] account for any amount beyond fees associated with this case or future medical co-pays." *Id.* Plaintiff identifies the Defendants in both their official and personal capacities.

The ADC Defendants raise a single issue in their Motion – whether Plaintiff first exhausted his administrative remedies as to his claims against those defendants before he initiated this action in federal court in accordance with 42 U.S.C. § 1997e(a).

The ADC grievance procedure is a multi-step process. (ECF No. 31-2, p. 1). Step one is

the "informal resolution procedure" and requires prisoners to complete and submit the "Unit Level Grievance Form" within 15 days of the incident giving rise to most grievances.[2]  *Id.*  On the Unit Level Grievance Form, "the inmate should write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."  *Id.*  Once completed, the inmate is directed to give the Unit Level Grievance Form to a designated "Problem-Solver," or, if no such individual is available, then "any staff member holding the rank of sergeant or above can collect a Step One grievance and shall then act as the Problem-Solver for that Step One grievance." *Id.* pp. 6-7.  The Problem Solver or staff member collecting the form must "sign and date the form," and then "giv[e] the inmate back the yellow and pink copies as receipts."  *Id.* p. 7.  If the Unit Level Grievance Form concerns a medical issue, such as the one at issue here, the Problem-Solver or staff member is directed to refer the issue to the Health Services Administrator (HAS) "as soon as practical, but in any event within one working day . . . ." *Id.*

Upon receipt of the Step One Unit Level Grievance Form "the HAS, or medical department representative appointed by the HAS, or the Mental Health Supervisor will take whatever action is deemed clinically appropriate to fully resolve the problem, document the action taken, or state why no action is necessary or appropriate."  *Id.*  Further, "[a]s soon as practical, the HAS, Mental Health Supervisor, or designee will return the Unit Level Grievance Form to the inmate and provide a copy to the Grievance Officer. NOTE: In no event should this period exceed three (3) working days from submission of the Unit Level Grievance Form for Step One by the inmate to the Problem Solver."  *Id.* at p. 8.

---

[2]  PREA grievances are not subject to the 15-day deadline.  (ECF No. 31-2, p. 6).

"If the problem cannot be resolved at Step One, the informal level, the Problem Solver must still document the resolution attempt on [the Unit Level Grievance Form], and then the inmate and Problem Solver must sign and date the form. At this time, if the inmate chooses, he/she may now proceed to Step Two (the formal grievance) using the same form." *Id.* Alternatively, "[i]f the designated Problem Solver (or substituted person to resolve the issue such as a medical or mental health staff member) has failed to contact the inmate and attempt resolution of the complaint or failed to return Step One (the grievance) within the designated three working days, the inmate may proceed to Step Two, the formal grievance, without the completion of Step One." *Id.* "In that instance, Step Two, the formal grievance, must be filed no later than six (6) working days from the original submission of the Unit Level Grievance Form pursuant to Step One: this allows three (3) working days to wait for a response to Step One, and three (3) working days to initiate Step Two." *Id.*

After satisfying Step One, an inmate can proceed to Step Two "by filing a formal grievance on the same Unit Level Grievance Form that was used for Step One." *Id.* at p. 9. The inmate "should complete the date beside 'Step Two: Formal Grievance' and the section regarding resubmission (of this form) including an explanation why the inmate considers the informal resolution unsuccessful, and deposit it into the designated grievance box, or submit it to a Staff Member if the inmate's assignment prevents access to the grievance box." *Id.* Upon receipt, the Grievance Officer "shall complete the box 'for office use only' on the Unit Level Grievance Form by assigning a number to the grievance (using unit and subject codes as described in the Grievance Procedure Codes-Attachment VII), and logging the date the grievance was received, inmate's name, ADC number, type of grievance, and the text of the inmate's complaint contained within

5

the appropriate space on [the form] in eOMIS." *Id.* The Grievance Officer will then "transmit an Acknowledgment or Rejection of the Unit Level Grievance Form (see Attachment II) to the inmate within five (5) working days after receipt" unless "a written response to the grievance, signed by the Warden, Health Services Administrator, or Mental Health Supervisor or designees, can be provided within five (5) working days." *Id.* at p. 10.

Where, such as here, the grievance is medical in nature, "it is forwarded to the Health Services Administrative (HSA) and the Unit Medical Department for a response. The HSA, or designee, should not respond to a grievance that is alleging misconduct by that individual unless the inmate still has another step in the grievance process to challenge the conduct, or the inmate is challenging indirect misconduct (failure to act)." *Id.* p. 10. "Every inmate grievant shall receive a written or electronic response to his or her grievance within 20 working days of receipt . . . ." *Id.* p. 11. "In the case of a medical or mental health grievance, the response will be on the form entitled Health Services Response to Unit Level Grievance (see Attachment IV) from the medical or mental health department." *Id.* "If the inmate has not received a response to his/her Unit Level Grievance within the allotted time frame and stated on the Acknowledgement Form or the Extension Form, if applicable, the inmate may move to the next level of the process, an appeal to the Chief Deputy/Deputy/Assistant Director Level. In this instance, the appeal must be filed no later than five (5) working days." *Id.*

If the inmate is not satisfied with the response from the "Warden, the Health Services Administrator (HSA), the Mental Health Supervisor, or applicable designee, [] he or she may appeal to the appropriate Chief Deputy/Deputy/Assistant Director who will attempt to resolve the matter or assign an appropriate staff member to do so. In this instance, the appeal must be filed

6

within the five (5) working days from the date of the response." *Id.* p. 12.   To appeal, "the inmate must include the original (no photocopies) Unit Level Grievance Form (Attachment I), which describes the matter originally grieved, and either the Warden/Center Supervisor Decision Form (Attachment III), the Health Services Response to Unit Level Grievance (Attachment IV), or the Acknowledgement or Rejection of Unit Level Grievance (Attachment II) if the inmate is asserting the grievance was improperly rejected or if the inmate did not receive a response or extension within the applicable timeframe." *Id.*   "To complete the appeal, the inmate must state a reason for the appeal, and must date, sign, and write the inmate's ADC number on the attachment being appealed." *Id.*   "Receipt of the appeal shall be acknowledged or rejected within five (5) working days unless a response can be provided within five (5) working days to the grievance signed by the Chief Deputy/Deputy/Assistant Director." *Id.* p. 13.   The "Chief Deputy/Deputy/Assistant Director will respond to the inmate concerning the decision within thirty (30) working days unless there is an extension, or an appeal is rejected, and the inmate is notified of the reason for rejection on the Acknowledgement of Grievance Appeal/Rejection of Appeal form (see Attachment V)." *Id.*

ADC records reflect that Plaintiff has not filed any non-medical grievances.  (ECF No. 31-1, p. 5).   Plaintiff has filed two medical grievances during his incarceration: OR-23-00039 and OR-00098.  (ECF No. 31-3, p. 1).   The Court examines each.

*OR-23-00039*

On January 11, 2023, Plaintiff completed Step One of the grievance procedure for OR-23-0039.  (ECF No. 31-4, p. 4).   In that grievance, Plaintiff says that he was "told by dental at the time [he] came through diagnostics [in] March 2020 that [he] would receive dentures" but his

7

request for dentures has since been rejected twice "once at W.R.U. and now by Dr. Davis @ ORCU, siting (sic) ineligibility due to not having dentures at the time of arrival at ADC."  *Id.*  On the form, Plaintiff identified the grievance as related to "medical."  *Id.*  Prison officials acknowledged receipt of the grievance the same day Plaintiff submitted it, but the medical department did not respond to the grievance until January 23, 2023, saying that Plaintiff does not meet the criteria for dentures.  *Id.*

According to Plaintiff, when he had not received a response to his Step One, he proceeded to Step Two on January 20, 2023.  (ECF No. 31-4, p. 5).  On January 23, 2023, Plaintiff's Step Two grievance was rejected as untimely.  *Id.* p. 2.  Plaintiff appealed that same day.  *Id.* Deputy Director Aundrea Culclager received the appeal on February 14, 2023.  *Id.* p. 1.  But Plaintiff's appeal was returned to him because "[t]he time allowed for appeal [had] expired."  *Id.*

### OR-23-00098

On February 7, 2023, Plaintiff completed Step One of the grievance procedure for grievance number OR-23-00098.  (ECF No. 31-5, p. 4).  That grievance involved the same subject matter as OR-23-00039:  Plaintiff says that during his ADC intake, "dental" told him that he would be provided dentures, but he has since been denied dentures twice as "ineligible."  *Id.* Plaintiff also describes the medical problems he has experienced because he has not been provided dentures, including difficulty chewing and swallowing, stomach aches, constipation, and bleeding from hemorrhoids.  *Id.*  Plaintiff noted on the Step One form that the grievance was concerning medical services.  *Id.*  Prison staff acknowledged receipt of Plaintiff's Step One grievance on that same day.  *Id.*  Plaintiff proceeded to Step Two on February 11, 2023, after receiving no response to his Step One grievance.  *Id.*

On February 13, 2023, the ADC Inmate Grievance Coordinator acknowledged receipt of Plaintiff's Step One grievance, dated February 7, 2023, and advised him that the "grievance is of a medical nature and has been forwarded to the Health Services Administrator who will respond." *Id.* p. 5. The Health Services Response to Plaintiff's grievance concluded that the grievance was "without merit" because Plaintiff "do[es] not meet the criteria for dentures." *Id.* p. 2. Plaintiff appealed, writing a two-page letter rather than limit his response to the space provided on the form. *Id.* p. 2. In response to Plaintiff's appeal, Defendant Director Aundrea Culclager noted that "only the statement in the space provided above the signature line [on the appeal form] will be maintained and considered part of the appeal submission." *Id.* p. 1. Defendant Culclager ultimately upheld the medical department's response, concluding that the appeal was "without merit." *Id.*

ADC Defendants maintain that neither one of Plaintiff's grievances satisfies the ADC grievance policy. Plaintiff's response to the ADC Defendants' Motion for Summary Judgment includes substantially the same supporting documentation (ECF No. 35) with Plaintiff contending that this documentation illustrates exhaustion of his administrative remedies.

### III. LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party." *Ward v. Olson*, 939 F. Supp. 2d 956, 961 (D. Minn. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material only when its resolution would affect the outcome of a case. *Anderson*, 477 U.S. at 248.

Further, the moving party bears the initial burden of identifying "those portions of the

9

record which it believes demonstrate the absence of a genuine issue of material fact." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1085 (8th Cir. 2001). In response, the nonmoving party "may not rest upon mere denials or allegations but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002). In considering a summary judgment motion, the court views all the evidence and inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255.

## IV. LEGAL ANALYSIS

Section 1997e(a) of the Prison Litigation Reform Act (PLRA) "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001). This requirement is mandatory. *See Chelette v. Harris*, 299 F.3d 684, 687 (8th Cir. 2000). But "[i]f an inmate fails to exhaust one or more discrete claims raised in the § 1983 complaint, the PLRA requires only that the unexhausted claim or claims be dismissed—it does not require that the complaint be dismissed in its entirety." *Abdul-Muhammad v. Kempker*, 486 F.3d 444, 446 (8th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199 (2007)).

In determining whether the plaintiff has first exhausted his administrative remedies, courts look to the prison's grievance procedure. *Id.* "[T]he degree of specificity required in a prison grievance 'will vary from system to system and claim to claim, but it is the prison's requirements, and not that PLRA, that define the boundaries of proper exhaustion.'" *Id.* (quoting *Jones*, 549 U.S. at 218)). Thus, to satisfy Section 1997e(a)'s exhaustion requirement, inmates must file grievances in accordance with the institution's policies and procedures. *See Washington v. Uner*, 273 F. App'x 575, 577 (8th Cir. 2008) (citing *Woodford v. Ngo*, 548 U.S. 81, 91-92 (2006)).

Here, the ADC Defendants assert that Plaintiff submitted no non-medical grievances concerning his request for dentures, (ECF No. 31-1), and only two medical grievances on this issue: grievance numbers OR-23-00039 and OR-23-00098. (ECF No. 31-3). Plaintiff does not specifically dispute this assertion. *See generally* (ECF No. 35). This Court, therefore, considers this fact undisputed for the purposes of the summary judgment motion currently before the Court, *see* Fed. R. Civ. P. 56(e)(2), and turns now to determine whether either grievance satisfies Plaintiff's obligation under 42 U.S.C. § 1997e(a) to first exhaust his administrative remedies before initiating a federal lawsuit.

*Grievance OR-23-00039*

Starting with grievance number OR-23-00039, Defendants contend that Plaintiff failed to properly exhaust his administrative remedies for two reasons: (1) he only named Defendant Davis – one of the Medical Defendants – as the person involved in the facts underlying the grievance and (2) Plaintiff was untimely in the pursuit of his administrative remedies. (ECF No. 32, p. 10).

The ADC grievance policy requires the grievance "to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (ECF No. 31-2, p. 6). The policy explains that "[a] grievance must specifically name each individual involved in order that a proper investigation and response may be completed." *Id.* p. 5.

In his Complaint, Plaintiff asserts that all the Defendants – including the ADC Defendants – have established and enforced a policy denying dentures to inmates who are found to be "edentulous," or without dentures, at the time of incarceration. (ECF No. 1, p. 6). But it is uncontroverted that grievance number OR-23-00039 only names Defendant Davis as a person

11

involved in the conduct giving rise to the grievance. (ECF No. 31-4, p. 4). Indeed, the grievance itself does not name any of the ADC Defendants or any ADC official. Although Defendant Culclager responded to Plaintiff's appeal, (ECF No. 31-4, p. 1), Plaintiff does not name Defendant Culclager *herself* in the grievance as a person involved in the conduct giving rise to the complaint. (ECF No. 31-4, p. 4). Because the ADC grievance policy requires inmates to specifically include "the personnel involved" in their grievance submission, and Plaintiff's grievance submission here does not mention *any* of the ADC Defendants by name (or by title), this grievance plainly fails to satisfy the exhaustion requirement as to the ADC Defendants.

The ADC Defendants also assert that Plaintiff's pursuit of his administrative remedies with grievance number OR-23-00039 was untimely. (ECF No. 32, pp. 9-10). This Court, however, is unpersuaded.

The ADC's grievance policy provides that "[a]s soon as practical, the HAS, Mental Health Supervisor, or designee will return the Unit Level Grievance Form to the inmate and provide a copy to the Grievance Officer. [] In no event should this period exceed three (3) working days from submission of the Unit Level Grievance Form for Step One by the inmate to the Problem Solver." (ECF No. 31-2, p. 8). In cases where the inmate does not receive a timely response to his Unit Level Grievance form at Step One, "the inmate *may proceed to Step Two, the formal grievance, without completion of Step One.*" (ECF No. 31-2, p. 8) (emphasis added). In those situations, however, the inmate must initiate Step Two "no later than six (6) working days from the original submission of the Unit Level Grievance Form pursuant to Step One." *Id.* A working day is defined as "Monday through Friday, excluding state observed holidays." *Id.* p. 2.

Here, it is uncontroverted that Plaintiff submitted his Step One Unit Level Grievance Form

12

on January 11, 2023. (ECF No. 31-4, p. 4). ADC personnel acknowledged receipt of it that same day. *Id.* But the medical department did not respond until January 23, 2023, twelve days later. *Id.* According to Plaintiff, when he did not receive a response to his Step One Unit Level Grievance, he submitted his copies as "Step Two" on January 20, 2023. (ECF No. 31-4, p. 5).[3] On January 23, 2023, he received an "Acknowledgment or Rejection of Unit Level Grievance" ("Attachment II"), rejecting his grievance as untimely. (ECF No. 31-4, p. 2). Plaintiff submitted an appeal that same day, but that appeal was rejected because "the time allowed for appeal has expired." (ECF No. 31-4, pp. 1-2),

January 11, 2023, was a Wednesday. *See* 2023 Calendar, https://www.calendarr.com/united-states/calendar-2023/ (last visited Feb. 28, 2024).[4] In 2023, Martin Luther King, Jr. Day was observed on Monday, January 16, 2023. *Id.* The State of Arkansas observes Martin Luther King, Jr. Day. *See* Arkansas Secretary of State, State Holiday Information, https://www.sos.arkansas.gov/about-the-office/media-center/news/state-holiday-calendar/ (last visited Feb. 28, 2024). Thus, according to the ADC grievance procedure, because Plaintiff had not received a response to his Step One Unit Level Grievance within three days of its submission, he had six working days from its submission to submit his copies of his Step One Unit

---

[3] In support of their Motion for Summary Judgment, the ADC Defendants submitted Plaintiff's grievance paperwork, including his signed statement that he submitted his copies of his Step One Unit Level Grievance as his Step Two Formal Grievance on January 20, 2023, when he had not yet received a response to his Step One. (ECF No. 31-4, p. 5). Because this statement is being offered by the ADC Defendants against Plaintiff, this Court considers it non-hearsay. *See* Fed. R. Evid. 801(d)(2)(A) (a party's statement being offered against the opposing party is non-hearsay).

[4] The Court may take judicial notice on its own of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2) & Fed. R. Evid. 201(c)(1).

13

Level Grievance as his Step Two formal grievance. (ECF No. 31-2, p. 8). Working days means Monday through Friday, excluding state observed holidays. (ECF No. 31-2, p. 2). Thus, six working days from Wednesday, January 11, 2023, is Friday, January 20, 2023, the day Plaintiff says he submitted his Step One Unit Level Grievance as his Step Two Formal Grievance. Accordingly, this Court finds there is a fact dispute about whether grievance number OR-23-00039 was properly rejected as untimely. Nevertheless, this factual dispute is not ultimately material because grievance number OR-23-00039 fails to satisfy ADC grievance policy in other respects – namely, by failing to mention any of the ADC Defendants as persons involved in the conduct giving rise to the grievance. Thus, Plaintiff failed to properly exhaust his administrative remedies in submitting grievance number OR-23-00039.

*Grievance OR-23-00098*

This leaves grievance number OR-23-00098. The ADC Defendants assert that Plaintiff did not properly exhaust his administrative remedies as to this grievance because the grievance does not specifically name any of the ADC Defendants. (ECF No. 32, p. 10). This Court agrees. In the complaint section of grievance number OR-23-00098, Plaintiff wrote:

> Since March 2019 I have been trying to obtain dentures. I was told by dental upon my arrival at ADC that I would be provided dentures. However, since that time I've been denied twice as ineligible . . .

(ECF No. 31-5, p. 4). But Plaintiff does not specifically identify any individuals as being involved in the facts underlying the grievance. *Id.* As noted above, ADC grievance policy specifically requires the grievance to include "personnel involved." (ECF No. 31-2, p. 6). As the policy explains, "[a] Grievance must specifically name each individual involved in order that a proper investigation and response may be completed." *Id.* p. 5. Plaintiff did not do so here.

14

Plaintiff identifies Director Dexter Payne, Deputy Director Aundrea F. Culclager, Superintendent Byers, and Deputy Warden Griffin as defendants to this action. But grievance number OR-23-00098 fails to mention or even reference Defendants Payne, Byers, and Griffin. (ECF No. 31-5, p. 4). Although Defendant Culclager denied Plaintiff's appeal of this grievance, Defendant Culclager herself is not named or mentioned as being involved in the conduct giving rise to the grievance.[5] *Id.* Thus, because Plaintiff's grievance does not specifically identify any of the ADC Defendants as individuals involved in the conduct giving rise to the grievance as required by ADC grievance policy, grievance number OR-23-00098 also does not satisfy the exhaustion requirement as to the ADC Defendants.

In sum, for the reasons described above, neither grievance number OR-23-00039 nor grievance number OR-23-00098 satisfies the ADC grievance procedure with respect to the ADC Defendants. Because Plaintiff submitted no other grievance related to his request for dentures, the summary judgment record shows that Plaintiff failed to first exhaust his administrative remedies with respect to the ADC Defendants regarding this claim. Accordingly, the ADC Defendants' Motion for Summary Judgment on the Issue of Exhaustion should be **GRANTED**.

### IV.   CONCLUSION

For the reasons stated, it is recommended that the Motion for Summary Judgment by Defendants Dexter Payne, Dep. Director Andrea F. Culclager, Superintendent Byers, and Deputy

---

[5] Defendants correctly note that responding to a grievance does not in itself create a basis for liability under 42 U.S.C. § 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam)("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.") (internal quotation omitted). But the issue for summary judgment currently before the Court is whether Plaintiff properly exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) before initiating this action. Thus, the Court does not reach the merits of Plaintiff's claims.

Warden Griffin, (ECF No. 31) be **GRANTED** and that the claims against these Defendants be **DISMISSED WITHOUT PREJUDICE**. Defendants Dexter Payne, Andrea F. Culclager, Byers, and Griffin should therefore be terminated from this action.

**Plaintiff's claims against Defendant Wellpath Health Services and Dr. Davis, DDS remain pending.**

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

STATUS OF REFERRAL: This action remains referred.

DATED this 28th day of February 2024.

_Christy Comstock_
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE